WINIFRED HENNESSY, Otherwise Known as WINIFRED HUDSON, *Appellant,* v. GROVER CLEVELAND HUDSON, *Appellee.*

Division A.

Opinion filed October 21, 1930.

*Spear & Viney,* for Appellant;

*H. R. Williams* and *George P. Hoffman,* for Appellee.

PER CURIAM.—In October, 1920, appellant, an alleged "grass widow," and appellee, a single man, "took up" with each other in Virginia and came to Florida where they lived and cohabited as man and wife till 1926. During all this period, they posed as husband and wife, introduced each other as husband and wife and two children, one of them now deceased, were the fruit of this relation. Sometime in 1926 appellee became weary of his spouse, withdrew from her and married another. In December, 1926, it was brought to the knowledge of appellee that in this situation he was guilty of bigamy so he and his first spouse and his lawyer conferred about the matter, the result of which conference was that the first spouse, appellant in this case,

agreed to enter suit for divorce, the terms of which were agreed to by appellee who agreed further to pay all costs and attorney's fees incident thereto and to pay alimony in the sum of thirty dollars per week. The suit for divorce was prosecuted and a final decree was entered in January, 1927, by which the bonds of matrimony uniting appellant and appellee were severed, the custody of the child was given to appellant and alimony was decreed in her favor in the sum of thirty dollars per week. Appellee complied with his agreement to pay all costs and attorney's fees and up to the time of bringing the instant suit had paid promptly the amount decreed to appellant as alimony.

In July, 1927, appellee as complainant below instituted the suit at bar for the purpose of setting aside the decree divorcing him and appellant as above referred to. It is contended that the said decree should be set aside because the appellant fraudulently represented herself to be the wife of appellee when as a matter of fact she was never the lawful wife of appellee but was the wife of one Richard J. Hennessy, that she fraudulently represented to the court below that she was married to appellee in Virginia in 1920 and that she was by reason of her marriage to Hennessy incapable of contracting marriage with appellee during any of the time she lived and cohabited with him.

To the bill of complaint appellant filed her answer denying the material allegations thereof and as her defense thereto alleged that prior to the granting of the decree of divorce appellee was married to one Jocelyn Baker, that every allegation in the bill for divorce was suggested by appellee and that appellant was warned that if she did not prosecute the same that she would be arrested and her child taken from her, that no suit for divorce would have been instituted had it not been for the threats of appellee and that every statement in the bill for divorce was known

equally as well to appellee as appellant and that the amount adjudicated as alimony to appellant was agreed to by appellee and that he agreed to contribute said amount to the support and maintenance of appellant and their minor child.

On final hearing the chancellor adjudicated the equities to be with the complainant, and entered his decree cancelling and annulling the decree of divorce as prayed for. Appeal was taken from that final decree.

On the issues made by the bill and answer we find little or no testimony to support the decree of the chancellor. It should be reversed for this reason, as every material allegation of appellant's answer was proven. If appellant had a living husband when she consorted with appellee, that fact was known to him at the time; it was also known to him at the time the divorce was secured which he now seeks to set aside. He cannot engage in such reprehensible conduct as the record discloses and then use the courts of this state to wash his dirty linen. "If a man is silent when he ought to speak, equity will debar him from speaking when conscience requires him to keep silent." He comes with unclean hands and is entitled to no consideration at the hands of a court of equity. See Hall v. Hall, 93 Fla. 709; 112 So. R. 622.

The decree of the chancellor is accordingly reversed.

Reversed.

TERRELL, C. J., and ELLIS and BROWN, J. J., concur.

WHITFIELD, P. J., and STRUM and BUFORD, J. J., concur in the opinion and judgment.